IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DISCIPLINE OF ) | |
| PAUL J. McARDLE, ) | |
| ATTORNEY REGISTRATION ) | |
| NUMBER 34446, A MEMBER ) | Misc. No. 16-1067 |
| OF THE BAR OF THE ) | |
| UNITED STATES DISTRICT ) | |
| COURT FOR THE WESTERN ) | |
| DISTRICT OF PENNSYLVANIA ) | |

## MEMORANDUM OPINION

Pending is the motion for reconsideration of this court's May 31, 2017 order and related motion for a hearing filed by Attorney Paul J. McArdle ("McArdle"). (ECF No. 7.) The May 31st order suspended McArdle from the practice of law before this court for one year and one day, retroactive to December 22, 2016, and was reciprocal to the Pennsylvania Supreme Court's November 22, 2016 order of suspension. In the motion for reconsideration McArdle asserts the same argument that he asserted in his response to this court's order to show cause why an identical order of suspension should not be entered in this court, i.e., that the Pennsylvania Disciplinary Board proceedings and resultant Pennsylvania Supreme Court order of suspension violated his Fourteenth Amendment right to due process of law. (ECF Nos. 5, 7.) Specifically, McArdle claims that he was denied the opportunity to present evidence in his defense during the disciplinary proceedings, and that the disciplinary charges against him were unsupported by testimonial evidence. (ECF No. 5 ¶¶8-9; ECF No. 7 ¶¶3, 7-8.)

The Pennsylvania Supreme Court rejected McArdle's multiple attempts to assert due process challenges to the propriety of the disciplinary proceedings and the ultimate order suspending him. Office of Disciplinary Counsel v. McArdle, No. 39 DB 2015, No. 2303 Disciplinary Docket No. 3 (Pa. Nov. 22, 2016), ECF No. 5-7; Office of Disciplinary Counsel v.

McArdle, No. 39 DB 2015, No. 2222 Disciplinary Docket No. 3 (Pa. Jan. 14, 2017), ECF No. 5-8; (ECF No. 5 ¶¶60-61, 67; ECF No. 5-8.). The United States Supreme Court denied McArdle's petition for a writ of certiorari, which likewise sought to challenge his disciplinary suspension on Fourteenth Amendment due process grounds. McArdle v. Office of Disciplinary Counsel, No. 16-7800 (S. Ct. April 17, 2017); (ECF No. 5 ¶¶3-7; ECF No. 5-8.)

McArdle's response to the order to show cause and motion for reconsideration provide no basis for this court to conclude that McArdle's Fourteenth Amendment rights were violated when the Pennsylvania Supreme Court suspended him for one year and one day for repeatedly filing frivolous lawsuits, violating court orders, and using civil litigation to unreasonably annoy, embarrass, and burden third parties. McArdle's motion for reconsideration is, therefore, denied.

I. **Factual Background**

Disciplinary proceedings were initiated against McArdle on June 29, 2015. (Office of Disciplinary Counsel v. McArdle, No. 39 DB 2015, Report and Recommendation (Sept. 21, 2016 ) (the "R&R") at 20.) McArdle was accused of misconduct arising from his initiation of seven pro se civil actions, in both federal and state courts in Pennsylvania, in which he repeatedly accused a group of more than 30 defendants, many of whom were related to him, of being members of a criminal organization that defamed him and unlawfully entered his law office to destroy the evidence of their conspiracy. (Id. at 20-22; ECF No. 5 ¶¶11-12; ECF No. 5-5 ¶¶2-3.) All seven of these civil actions were dismissed as having no basis in law or fact and, if appealed, those dismissals were affirmed. (R&R at 4-18; ECF No. 5-4 ¶6.) McArdle continued to press these allegations in court even after being explicitly ordered to cease filing lawsuits that reiterated the same baseless claims. (R&R at 10.)

McArdle asserts that these prior court rulings were inconsequential because they were not final judgments or jury verdicts. (ECF No. 5 ¶¶13, 24, 37; ECF No. 5-5 ¶¶6-7.) McArdle further claims that the courts' adverse rulings were substantively wrong. (R&R at 19; ECF No. 5-5 ¶6.) At his disciplinary hearing, McArdle endeavored to attack the underlying adverse court rulings by subpoenaing dozens of witnesses, many of whom were members of the alleged criminal organization, to demonstrate that the claimed criminal conspiracy against him actually existed. (ECF No. 5 ¶¶28-30, 51-52; ECF No. 5-4 ¶¶ 1-5; ECF No. 5-5 ¶¶4-5, 10.) The witnesses filed motions to quash, which were granted. The hearing committee of the disciplinary board ordered that McArdle could not offer any evidence at the disciplinary hearing "regarding the truth of the factual allegation [sic] raised in the civil actions filed by [McArdle] that underlie these proceedings." (ECF No. 5 ¶¶28-32, 37-41, 44-49.) Based upon this ruling, both testimonial and documentary evidence proffered by McArdle in order to prove that the alleged criminal conspiracy existed was excluded from the disciplinary hearing. (ECF No. 5 ¶¶38-43, 52; ECF No. 5-6; ECF No. 7 ¶¶4-5.)

## II. Legal Standards

### A. Local Rules of Court, Western District of Pennsylvania

Pursuant to this court's Local Rules of Court, upon receiving notice that an attorney admitted to practice before this court has been disciplined by another court, this court shall impose an identical order of discipline unless the attorney "demonstrates…that upon the face of the record upon which the discipline in another jurisdiction is predicated it clearly appears that (a) the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (b) there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as

final the conclusion on that subject." LCvR 83.3D(1), (2), (4).  If the disciplined attorney challenges the other court's order on these or other listed grounds, the matter is referred to the court's disciplinary committee, which "**may** order and conduct a further hearing, or take testimony or hear argument, and make a recommendation to the Board of Judges." LCvR 83.3D(4) (emphasis added).

The local rules state that "[i]n all other respects, a final adjudication in another Court that an attorney has been guilty of misconduct shall establish conclusively the misconduct for the purposes of a disciplinary proceeding in this court." LCvR 83.3D(5).

### B. Pennsylvania Rules of Professional Conduct

In the Pennsylvania disciplinary proceedings, McArdle was found to have violated three rules of professional conduct: Rule 3.1, Rule 4.4(a), and Rule 8.4(d). (R&R at 19-26; ECF No. 5 ¶22.)  Pennsylvania Rule of Professional Conduct 3.1 forbids an attorney from filing frivolous lawsuits.  Rule 4.4(a) states that an attorney shall not employ means that have no purpose other than to embarrass, delay, or burden a third party.  Rule 8.4(d) states that it is professional misconduct to engage in behavior that is prejudicial to the administration of justice.

### C. District Court Review of State Disciplinary Proceedings

In reciprocal disciplinary proceedings, district courts review the record of the state disciplinary proceeding "for consistency with the requirements of due process, adequacy of proof and absence of any indication that imposing discipline would result in grave injustice." In re Surrick, 338 F.3d 224, 231 (3d Cir. 2003) (citing In re Jacobs, 44 F.3d 84, 88 (2d Cir. 1994)); In re SimmsParris, 448 F. App'x 268, 270 (3d Cir. 2011).  Due process requires that the attorney receive notice of the disciplinary proceedings against him or her, and an opportunity to be heard

in response. In re Marcone, 395 F. App'x 807, 810 (3d Cir. 2010); Eash v. Riggins Trucking Inc., 757 F.2d 557, 570 (3d Cir. 1985).

The attorney subject to discipline bears the burden of demonstrating "by clear and convincing evidence" the presence of a serious infirmity in the state proceeding. Surrick 338 F.3d at 232 (citing In re Kramer, 282 F.3d 721, 724–25 (9th Cir. 2002)). The Court of Appeals for the Third Circuit reviews "district courts' decisions regarding the regulation of attorneys who appear before them for abuse of discretion." Id. at 229 (citation omitted).

### III. Discussion

McArdle attacks the validity of the Pennsylvania Supreme Court's November 22, 2016 order suspending him from the practice of law for one year and one day on the ground that the disciplinary proceedings that resulted in that order violated his Fourteenth Amendment due process rights.

#### A. Opportunity to Present Evidence

McArdle's primary complaint is that he was denied the opportunity to present evidence to defend against the disciplinary charges. (ECF No. 5 ¶¶8-9; ECF No. 7 ¶3.) This assertion is contradicted on the face of the record. The R&R, and McArdle's own filings, reflect that McArdle was permitted to, and did, present both testimonial and documentary evidence at the disciplinary hearing, and submitted voluminous written filings in defense of the charges against him. (ECF No. 5 ¶¶16-17, 21, 25, 51-54, 56-58, 60; R&R at 1-3, 18-19.)

McArdle's real objection is to the hearing committee of the disciplinary board's refusal to allow him to call witnesses and offer documents that would prove that the alleged conspiracy to defame him actually existed, which, in turn, would have proven that the seven lawsuits he filed were meritorious and that the court orders dismissing them and forbidding him from refiling

5

them were improper. McArdle had the opportunity to, and did, object to that evidentiary ruling before the hearing committee, the disciplinary board, and the Pennsylvania Supreme Court. This court has no appellate or quasi-appellate authority over that evidentiary ruling.

There is no basis for this court to find that the ruling rendered the disciplinary proceedings so unfair or improper that McArdle's due process rights were violated. McArdle was accused of abusing the judicial process by filing repeated lawsuits that were previously found to be baseless and violating court orders against continuing to file the same or similar actions. No federal or state trial or appellate court reviewing McArdle's claims deemed them to have any basis in law or fact. Even if McArdle believed that all those courts made erroneous decisions, he, as an officer of the court, was not entitled to repeatedly disregard court orders. In the context of a disciplinary action based upon alleged repeated violations of court orders, the actual existence of the alleged criminal organization was not particularly relevant. The hearing committee of the disciplinary board's order excluding such evidence was, therefore, appropriate because McArdle had no right to present irrelevant evidence at his disciplinary proceedings. McArdle's argument, therefore, provides no basis for this court to find "on the face of the record" that his disciplinary proceeding "was so lacking in [] opportunity to be heard as to constitute a deprivation of due process." LCvR 83.3D(4).

### B. Lack of Adverse Testimony

McArdle attacks the order of suspension entered by the Pennsylvania Supreme Court on the ground that disciplinary counsel offered no testimonial evidence against him at the hearing. (ECF No. 5 ¶¶50, 59; ECF No. 7 ¶¶3, 7.) This failure, according to McArdle, establishes that the underlying disciplinary proceedings suffered from "such an infirmity of proof establishing the misconduct" that they should not be the basis of reciprocal discipline in this court. LCvR

83.3D(4).  To reiterate, McArdle was accused of abusing the judicial process by filing repeated lawsuits that were previously found to be baseless and violating court orders against filing further actions.  Such charges could be, and apparently were in this instance, established through a review of McArdle's filings and the various court decisions and orders issued in connection with them.  McArdle points to no rule requiring testimonial evidence in order to establish disciplinary charges, which must be proven only by a preponderance of the evidence. (R&R at 20.)  The court is aware of none.  This objection is not a basis for this court to refuse to impose reciprocal discipline on McArdle.

## IV. Conclusion

McArdle was suspended for one year and one day by order of the Supreme Court of Pennsylvania.  Under this court's local rules and controlling legal authority, an identical suspension from the practice of law before this court shall be imposed unless McArdle can demonstrate, by clear and convincing evidence, that he was deprived of the due process of law, or that the state disciplinary proceedings suffered from an infirmity of proof.  Based upon the record of the Pennsylvania disciplinary proceedings, he did not do so.  McArdle's challenges to the underlying Pennsylvania disciplinary proceeding do not rise to a level sufficient to show that imposition of reciprocal discipline would result in a grave injustice.

McArdle's motion for reconsideration and for a hearing (ECF No. 7) is, therefore, denied.  An appropriate order will be entered contemporaneously with this opinion.

DATED:  June 23, 2017　　　　　　　　　　　　FOR THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Joy Flowers Conti*
　　　　　　　　　　　　　　　　　　　　　　　　Joy Flowers Conti
　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge